UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-580-FDW

| | |
|---|---|
| MARION BEASLEY, JR., </br></br>      Plaintiff, </br></br>v. </br></br>NORTH CAROLINA </br>DEPT. OF PUBLIC SAFETY, et al., </br></br>      Defendants. | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint which was filed pursuant to 42 U.S.C. § 1983.

## I.    BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Lanesboro Correctional Institution. In his complaint, Plaintiff alleges that on August 2, 2014, he was the victim of an unprovoked assault by a fellow inmate in Lanesboro Correctional which resulted in a fractured left eye socket and a hematoma on his brain. Plaintiff contends that one or more defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they were deliberately indifferent in failing to protect him from the assault. In his claim for relief, Plaintiff seeks 60 million dollars in damages to compensate him for the head trauma he sustained in the assault and he asks for dental implants. (3:14-cv-580, Doc. No. 1: Complaint).

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.    DISCUSSION

Plaintiff's complaint will be dismissed because he has filed three pro se § 1983 complaints in the Middle District of North Carolina while a state prisoner, Plaintiff was allowed to proceed *in forma pauperis*, and each of the three complaints was dismissed as being frivolous, malicious or for failure to state a claim under the provisions of the PLRA. See Beasley, Jr. v. R. Michael Bruce, et al., No. 1:08CV174-NCT-RAE (M.D.N.C. Apr. 17, 2008); Beasley, Jr. v. Bryant et al., No. 1:08CV172-NCT-RAE (M.D.N.C. May 13, 2008); Beasley, Jr. v. Justice I. Beverly Lake, Jr., et al., No. 1:08CV169-NCT-RAE (M.D.N.C. May 14, 2008).[1]

The PLRA provides, in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Each of these cases is final as Plaintiff did not appeal from the order of dismissal and the time for doing so has long since expired.

28 U.S.C. § 1915(g).

The Court has conducted an initial review of Plaintiff's complaint and finds that he has failed to present allegations that could demonstrate that he was under imminent danger of physical injury at the time he filed his complaint. In his complaint Plaintiff alleges that the security detail in the prison was insufficient at the time he was assaulted but that does not present a case that he was under imminent risk at the time he filed his complaint, rather Plaintiff's allegations relate back some two and a half months to the date of the assault and do not present an ongoing pattern of failure to protect.

In his motion to amend, Plaintiff reiterates his dissatisfaction with the level of security on the date of the assault, and includes vague information regarding medication that he was prescribed following the assault. The Court is conducting an initial review of Plaintiff's complaint and his motion to amend and has not ordered that service of process should issue. Accordingly, Plaintiff would be free to amend his complaint as a matter of course. See Fed. R. Civ. P. 15(a). In any event, the Court has examined the motion to amend and finds that it too fails to establish that he is under imminent risk of physical injury.

## IV.   CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's pro se complaint should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend is **GRANTED.** (Doc. No. 6).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: December 1, 2014

Frank D. Whitney
Chief United States District Judge